UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:26-CR-128-TAV-DCP |
| | ) | |
| JAIYLYN JYQUEZZ WHITESIDE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Jaiylyn Whiteside's Unopposed Motion to Continue Motion Deadline, Plea Deadline, and Trial Date [Doc. 12], which was filed on October 9, 2026.

Defendant Whiteside asks the Court to continue the motion deadline, plea deadline, and trial date in his case [*Id.*]. In support, Defendant states additional time is needed to allow for research and investigation to assist in the determination as to whether pretrial motions should be filed [*Id.* ¶ 2]. Defendant explains that he received an initial discovery disclosure on September 18, 2026, and although it is not voluminous, multiple items need to be reviewed to determine the need for pretrial motions [*Id.*]. Defendant also states that his counsel needs additional time to review the sentencing guidelines and the potential impact of a conviction with Defendant, and the current deadlines do not allow enough time to accomplish these tasks [*Id.*].

Defendant acknowledges his speedy trial rights and that the delay caused by the granting of the continuance will be excluded [*Id.* ¶¶ 3–4]. Defendant also states that he has maintained compliance with pretrial release conditions imposed on him [*Id.* ¶ 5]. Defendant's counsel

communicated with counsel for the Government, and the Government does not oppose the requested continuance [*Id.* ¶ 6].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweighs the interests of the defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Specifically, Defendant's counsel needs additional time to review discovery, determine whether to file pretrial motions, and to review the sentencing guidelines. The Court finds that this cannot occur before the November 17, 2026 trial date.

The Court therefore **GRANTS** Defendant's Unopposed Motion to Continue Motion Deadline, Plea Deadline, and Trial Date [**Doc. 12**]. The trial date is reset to **February 16, 2027**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on October 9, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant's Unopposed Motion to Continue Motion Deadline, Plea Deadline, and Trial Date [**Doc. 12**]is **GRANTED**;

(2) the trial date is reset to commence on **February 16, 2027, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **October 9, 2026**, and the new trial date of **February 16, 2027**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is on or before **November 9, 2026**, and responses to pretrial motions are due on or before **November 23, 2026**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **January 15, 2027**;

(6) the deadline for filing motions *in limine* is **February 1, 2027**, and responses to motions *in limine* are due on or before **February 8, 2027**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **February 2, 2027, at 11:30 a.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **February 7, 2027**.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin

Debra C. Poplin
United States Magistrate Judge